

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**
**U.S. Courthouse and Federal Building**
**280 South First Street Room 3035**
**San Jose, California 95113-3099**
**(408) 535-5118**

Edward Emmons
Clerk of Court

**FILED**

MAY 21 2014

United States Bankruptcy Court
San Jose, California

Richard W. Wieking, Clerk
United States District Court
280 South First Street
San Jose, CA 95113

Re:    *Case Name:  Booker Theodore Wade, Jr.*
       *Case Number:  13-50376-SLJ*
       *Bankruptcy Judge Name:  Stephen L. Johnson*
       *District Court #:* **CV 14.02351** **LHK**

Dear Mr. Wieking:

[ ] Enclosed please find the Notice of Appeal, certified copy of the docket and order being appealed and related papers from BAP and designated items to form the record on appeal for assignment to a district court judge.

[X] Enclosed please find a conformed copy of the Notice of Appeal, Election to District Court document, as well as a certified copy of the docket and order being appealed for assignment to a district court judge.

[ ] Enclosed please find a conformed copy of the Notice of Appeal, Election to District Court document, a certified copy of the docket, the order being appealed, as well as Motion for Leave to Appeal / ***Non-Final Order/Judgment*** for assignment to a district court judge.

[ ] Enclosed please find the record of designated items and a certificate of record for an appeal that has been previously sent to the district court.

[ ] Enclosed please find the Appellant's Designation of Record.

[ ] Enclosed please find the Appellee's Designation of Record.

[ ] Enclosed please find the Statement of Issues.

[ ] Enclosed please find the Motion for Leave to Appeal / *Non-Final Order/Judgment*.

[ ] Other.

Please acknowledge receipt of this appeal by stamping the district court case number on a copy of this letter and return it to Kristine Hang Du .

Edward Emmons, Clerk
United States Bankruptcy Court

Dated: <u>May 21, 2014</u>               By:   _____

                                          Kristine Hang Du,
                                          Deputy Clerk

**FILED**

MAY 2 0 2014

United States Bankruptcy Court
San Jose, California

1  Booker T. Wade Jr.
2  605 Forest Avenue
   Palo Alto, CA 94301
3  415 378 6250

4  In Propria Persona

5

6              UNITED STATES BANKRUPTCY COURT OF
                NORTHERN DISTRICT OF CALIFORNIA
7                    SAN JOSE DIVISION

8  In re

9

10  BOOKER THEODORE WADE, JR
                                   Case No. 013-50376 SLJ
11      Debtor                     Chapter 11

12

13

14
                        NOTICE OF APPEAL
15
        Booker T. Wade Jr., Debtor herein, hereby appeals under 28 U.S.C. 158(a) and Rule 8001(a)
16
    of the Rules of Bankruptcy Procedure from the order of the bankruptcy judge entered May 7,
17
    2014, and captioned "Order Denying Approval of Disclosure Statement" declining to approve
18
    Debtor's First Amended Proposed Combined Plan of Reorganization and Disclosure Statement in
19
    this Chapter 11 reorganization proceeding. This notice of appeal is timely as it is made within
20
    fourteen days of entry of the order appealed from pursuant to Rule 8002 of the Rules of
21
    Bankruptcy Procedure.
22
        The names of the parties to the order appealed from and the names, addresses and
23  telephone numbers of their respective attorney are as follows:

24  Party                                  Attorneys

25  Arlene Stevens                         Arlene Stevens [Pro Se]
                                           P O Box 51310
26                                         Palo Alto, CA 94303
27                                         [Telephone number not available]

28

| | |
|---|---|
| 1 Hoge Fenton Jones & Appel Inc. | Stephanie Oats |
| 2 | Hoge Fenton Jones &Appel |
| | 60 South Market Street, Suite 1400, |
| 3 | San Jose, CA 95113-2396 |
| | (408) 287-9501 |
| 4 | |
| 5 The Mlnarik Group Inc. | The Mlnarik Group Inc |
| | 2930 Bowers Avenue |
| 6 | Santa Clara, CA 95051 |
| | (408) 919-0088 |
| 7 | |
| 8 Rossi Hamerslough Reischl & Chuck | David Hamerslough |
| | Rossi Hamerslough Reischl & Chuck |
| 9 | 1980 The Alameda Suite 299 |
| | San Jose, CA 95126 |
| 10 | (408) 261-4252 |
| 11 | |
| Rossi Hamerslough Reischl & Chuck | Wendy Smith |
| 12 | Binder &Malter |
| | 2775 Park Ave |
| 13 | Santa Clara, CA 95050 |
| 14 | (408) 295-1700 |
| 15 Campeau Goodsell Smith | William Healy |
| | Campeau Goodsell Smith |
| 16 | 400 North First Street #100 |
| | San Jose, CA |
| 17 | (408) 295-9555 |
| 18 | |
| Forest Villa Homeowners Association | Austin Nagel Esq. |
| 19 | Law Offices of Austin Nagel |
| | 111 Deerwood Dr. |
| 20 | San Ramon, CA 94583 |
| 21 | (925) 855-8080 |
| 22 U.S. Department of Education | Phillip Rosenfelt, General Counsel |
| | U.S. Department of Education |
| 23 | 400 Maryland Avenue SW |
| 24 | Washington, D.C. 202020 |
| | (202) 401 6000 |
| 25 | |
| 26 Discover Bank | DB Servicing Corporation |
| | P O Box 3025 |
| 27 | New Albany, OH 43054-3025 |
| | (224) 405-3045 |
| 28 | |

1    Miller Star Regalia                          Miller Starr Regalia
2                                                 435 Tasso St,
                                                  Palo Alto, CA 94301
3                                                 (650) 463-7800
4    JAMS INC.                                    JAMS INC.
5                                                 160 W. Santa Clara Street Suite 1600
                                                  San Jose, CA 95113
6                                                 (408) 288-2240
7    LVNV Funding LLC                             LVNV Funding LLC
8                                                 P O Box 10497
                                                  Greenville, SC 2903
9                                                 (866) 464 1183
10   Cavalry Portfolio Services                   Cavalry Portfolio Services (not represented)
11   Bank of America                              500 Summit Lake Drive #400
                                                  Valhalla, NY 10596
12                                                914 347 3140
13
14
15   May 20, 2014
16
17
18
19                                               Booker T. Wade Jr., Debtor
20
21
22
23
24
25
26
27
28

1

## Certificate of Service

2

3    The undersigned hereby certifies that on May 20, 2013, I caused to be deposited in the
United States Mail, first class postage prepaid a copy of the foregoing addressed to the following:

4
Arlene Stevens
5    P O Box 51310
Palo Alto, CA 94303
6

7    Stephanie Oats
Hoge Fenton Jones & Appel
8    60 South Market Street, Suite 1400,
San Jose, CA 95113-2396
9

10   The Mlnarik Group Inc
2930 Bowers Avenue
11   Santa Clara, CA 95051

12
David Hamerslough
13   Rossi Hamerslough Reischl & Chuck
1980 The Alameda Suite 299
14   San Jose, CA 95126

15
Wendy Smith
16   Binder &Malter
2775 Park Ave
17   Santa Clara, CA 95050

18
William Healy
19   Campeau Goodsell Smith
400 North First Street #100
20   San Jose, CA

21
Austin Nagel Esq.
22   Law Offices of Austin Nagel
111 Deerwood Dr.
23   San Ramon, CA 94583

24
Phillip Rosenfelt, General Counsel
25   U.S. Department of Education
400 Maryland Avenue SW
26   Washington, D.C. 202020

27

28

1  Miller Starr Regalia
   435 Tasso St
2  Palo Alto, CA 94301

3  JAMS INC.
   160 W. Santa Clara Street Suite 1600
4  San Jose, CA 95113

5
   LVNV Funding LLC
6  P O Box 10497
   Greenville, SC 2903
7

8

9

10 _____
                  Fan Wen
11

12
   May 20, 2014
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

MAY 2 0 2014

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT OF
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

|  |  |
|---|---|
| BOOKER THEODORE WADE, JR | Case No. 13-50376 SLJ |
|  | Chapter 11 |
| Debtor |  |

**STATEMENT OF ELECTION TO HAVE UNITED STATES DISTRICT COURT HEAR APPEAL**

Booker T. Wade, Jr., the Debtor herein, pursuant to 28 U.S.C. 158(c)(1)(A), Fed. R. Bankr. P. 8001(e), hereby elects to have the United States District Court for the Northern District of California hear this appeal.

May 20, 2014

Booker T. Wade Jr., Debtor

605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

1

## Certificate of Service

2

3        The undersigned hereby certifies that on May 20, 2013, I caused to be deposited in the
United States Mail, first class postage prepaid a copy of the foregoing addressed to the following:

4
Arlene Stevens
5    P O Box 51310
Palo Alto, CA 94303
6

7    Stephanie Oats
Hoge Fenton Jones & Appel
8    60 South Market Street, Suite 1400,
San Jose, CA 95113-2396
9

10   The Mlnarik Group Inc
2930 Bowers Avenue
11   Santa Clara, CA  95051

12
David Hamerslough
13   Rossi Hamerslough Reischl & Chuck
1980 The Alameda Suite 299
14   San Jose, CA 95126

15
Wendy Smith
16   Binder &Malter
2775 Park Ave
17   Santa Clara, CA 95050

18
William Healy
19   Campeau Goodsell Smith
400 North First Street #100
20   San Jose, CA

21
Austin Nagel Esq.
22   Law Offices of Austin Nagel
111 Deerwood Dr.
23   San Ramon, CA 94583

24
Phillip Rosenfelt, General Counsel
25   U.S. Department of Education
400 Maryland Avenue SW
26   Washington, D.C. 202020

27

28

1    Phillip Rosenfelt, General Counsel
     U.S. Department of Education
2    400 Maryland Avenue SW
     Washington, D.C. 202020
3
4    Miller Starr Regalia
     435 Tasso St
5    Palo Alto, CA 94301

6    JAMS INC.
7    160 W. Santa Clara Street Suite 1600
     San Jose, CA 95113
8
     LVNV Funding LLC
9    P O Box 10497
10   Greenville, SC 2903

11

12

13                                        _____
                                          Fan Wen
14

15
     May 20, 2014
16

17

18

19

20

21

22

23

24

25

26

27

28

Entered on Docket
May 07, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed May 7, 2014

Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re

BOOKER T. WADE, JR.,

Debtor

)
)
)
)
)
)
)
)
)
)

Case No.:  13-50376 SLJ

Chapter 11

## ORDER DENYING APPROVAL OF
## FIRST AMENDED DISCLOSURE STATEMENT (APRIL 22, 2014)

Debtor filed a first amended disclosure statement (Amended DS) on April 22, 2014.[1]

Objections were filed by creditor Hoge, Fenton, Jones & Appel, creditor Arlene Stevens,

interested party Campeau, Goodsell & Smith, creditor Forest Villa Homeowners Association,

---

[1]    The filing was not timely in view of the court's oral direction on April 3, 2014, that
the revision be filed by April 15, 2014, to allow the court and parties to consider the changes
made. Nevertheless, parties filed objections to the disclosure statement prior to the hearing.

ORDER ON DISCLOSURE STATEMENT        1

1  and Wells Fargo Bank.  The court held a hearing on this matter on May 1, 2014, at 1:30 p.m.
2  Appearances were noted in the record.

3         Debtor did not appear at the hearing.  On April 14, 2014, Debtor filed an Ex Parte
4  Motion to Enlarge the Time to file Amended Combined Plan of Reorganization and
5  Disclosure Statement in which he requested an extension of time to file a revised disclosure
6  statement and a continuance of the hearing on that disclosure statement.  On April 22, 2014,
7  Debtor filed a Request for Order on Notice of Hearing on Debtor's First Amended Proposed
8  Combined Plan of Reorganization and Disclosure Statement, requesting the court to "issue an
9  order and notice of hearing on the amended Plan."  The setting of hearing dates and requests
10  for continuances is governed by the Bankruptcy Local Rules.  A request for a continuance of
11  the hearing on a disclosure statement is governed by B.L.R. 3017-1(f), which provides that
12  "[a] plan proponent desiring a continuance of the hearing on a disclosure statement shall
13  appear at the scheduled hearing to request a continuance."  The scheduled hearing was on
14  May 1, 2014, but Debtor did not appear.  Although the Amended DS was filed late, the
15  affected creditors filed objections which the court was able to review.  Accordingly, the court
16  took the disclosure statement under submission.

17         The court notes that Debtor apparently intends to re-litigate issues he has litigated for
18  many years in the state court.  The court has cautioned Debtor that the bankruptcy court does
19  not review the decisions of the state courts.   To the extent the Amended DS describes a plan
20  that flatly contradicts extant judgments of the Superior Court, it cannot be confirmed.

21         For the reasons indicated below, the court will deny approval of the Amended DS.

22                                    **BACKGROUND**

23         Debtor commenced this case in 2013, as a result of attempts by his creditors to enforce
24  their claims against him.  In particular, he sought to stay litigation pending between him and
25  his former business and romantic partner, Arlene Stevens.  In that litigation, Stevens and
26  Debtor agreed, in a judicially supervised settlement conference, which was transcribed, to
27
28

ORDER ON DISCLOSURE STATEMENT          2

*UNITED STATES BANKRUPTCY COURT*
*for the Northern District of California*

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1   divide and sell various jointly owned real and personal property, and to split the proceeds.[2]

2   After filing the bankruptcy case, Debtor filed a motion to treat that settlement agreement as an

3   executory contract, and to reject that contract. In a decision dated September 5, 2013 (docket

4   73), the court denied Debtor's motion. As noted in that decision, the court found that Stevens

5   had substantially performed on that agreement so it was no longer executory. On Arlene

6   Stevens's motion, the court granted relief from the automatic stay to allow the Superior Court

7   for the County of Santa Clara to enter judgment on that agreement.[3] As noted by Debtor, the

8   state court orally granted a motion by Stevens to enforce the settlement agreement, although a

9   written order has not been issued.[4]

10       On March 7, 2014, Debtor filed a proposed Combined Plan of Reorganization and

11  Disclosure Statement (March 7, 2014). At the April 3, 2014, hearing on that disclosure

12  statement, the court made detailed remarks addressing why the document failed to satisfy the

13  requirement of 11 U.S.C. § 1125 that it provide "adequate information." Among other

14  things, the court observed that the initial disclosure statement failed to take account of the

15  settlement that Debtor reached with Stevens in the state court, and the proposed distribution of

16  assets that settlement required. It also failed to properly treat the claim by the law firm Hoge

17  Fenton, which is based on a state court judgment from 2012.

18

19

20  [2]    The major points of agreement were these: Stevens would sell real property at 3515
    Tripp Road, Woodside, California, and Debtor would sell real property at 1010 Corporation
21  Way, Palo Alto, and 605 Forest Avenue, Palo Alto. Stevens would keep the proceeds of the
    Woodside Property. Debtor would keep the proceeds of the Forest Avenue Property. Stevens
22  and Debtor would split the proceeds of the Corporation Way property 60%-40%.

23  [3]    The settlement was agreed by the parties in state court but no judgment has been
24  entered approving the settlement, principally due to Debtor's efforts. The court granted
    Stevens relief from the automatic stay to return to state court to allow it to enter the final
25  judgment. The court is cognizant that Debtor disagrees that the settlement should result in the
    entry of a judgment, and of Debtor's continuing objections to the entry of that judgment.
26

27  [4]    Debtor asserts in the Amended DS that because Stevens was late in submitting a
    proposed order to the state court, she has forfeited her right to do so and that Debtor intends to
28  object to the state court decision on that and other grounds.

ORDER ON DISCLOSURE STATEMENT        3

1     Debtor's Amended DS does not address the problems identified by the court in its

2 review of the initial disclosure statement. The court will deny approval for that reason.

3                **STANDARD FOR APPROVAL OF DISCLOSURE STATEMENT**

4     A disclosure statement cannot be approved unless it contains "adequate information,"

5 as that term is defined in 11 U.S.C. § 1125(a)(1). "Precisely what constitutes adequate

6 information in any particular instance will develop on a case-by-case basis." *In re Lisanti*

7 *Foods, Inc.*, 329 B.R. 491, 507 (D. N.J. 2005). "[W]here a plan is on its face nonconfirmable,

8 as a matter of law, it is appropriate for the court to deny approval of the disclosure statement

9 describing the nonconfirmable plan." *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D.Cal.

10 2000)(listing cases); *see also* 7 A. Resnick & H. Sommer, *Collier on Bankruptcy* ¶ 1125.03[4]

11 (16th ed. 2011) ("most courts will not approve a disclosure statement if the underlying plan is

12 clearly unconfirmable on its face").

13         **THE AMENDED DS DOES NOT CONTAIN ADEQUATE INFORMATION**

14     The Amended DS fails to provide adequate information in these respects:

15     A.    Treatment of Condominium at 605 Forest Avenue, Palo Alto

16     Debtor's settlement with Stevens requires that the condominium at 605 Forest Avenue

17 in Palo Alto ("Condo") be sold and the proceeds distributed to Debtor and Stevens. The court

18 has granted relief from stay to Stevens to have the settlement agreement reduced to a

19 judgment. Stevens filed an objection to the Amended DS attaching a copy of the proposed

20 order in the state court which would effect that settlement.

21     Debtor's Amended DS seeks to re-write a settlement agreement that was reached

22 under court supervision and will soon be reduced to judgment. In effect, Debtor argues that

23 he can use his chapter 11 plan to re-write a state court judgment. As the court indicated at the

24 April 3, 2014 hearing on the initial disclosure statement, any proposed plan and disclosure

25 statement has to take account of the circumstances of the case. That means Debtor must file a

26 plan that deals directly with the fact that he settled a case with Stevens which requires the

27 Condo be sold.

28

ORDER ON DISCLOSURE STATEMENT     4

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1    Instead, Debtor has proposed a plan that describes a parallel universe in which he is

2  free to deal with Condo as he chooses. He provides in Classes 1A and 1C that Villa Forest

3  Homeowners Association and Wells Fargo Bank will be paid over the life of the plan. He

4  proposes to treat Stevens as an unsecured creditor but pays her nothing. Debtor intends to

5  continue to litigate the enforceability of the settlement agreement in state court, and if the

6  state court rules against him, Debtor "will seek relief from state appellate courts and/or this

7  Bankruptcy Court." This treatment is flatly inconsistent with the stipulation between the

8  parties in state court that will soon be part of a final judgment. Debtor cannot retain property

9  when he has agreed to sell it in a settlement agreement supervised by the Superior Court.

10    B.    Treatment of Hoge Fenton

11    The Hoge Fenton firm filed a proof of claim seeking $756,919.10 for legal services

12  rendered. Attached to that proof of claim is a copy of a judgment from the Superior Court of

13  Santa Clara County dated October 30, 2012, in the amount of $739,693.36. Also attached is a

14  calculation of the $756,919.10 amount showing the application of interest at the judgment rate

15  applicable in California.

16    Debtor's discussion of the treatment of this claim is nonsensical. He indicates the

17  claim is secured as a part of Class 1B. That is not true. The proof of claim does not assert the

18  claim is secured. Furthermore, Debtor indicates that he will file an objection to the claim

19  prior to confirmation, asserting that the amount of legal fees is excessive. In other words,

20  Debtor proposes to pay nothing on this claim because he will have the claim disallowed.

21    Debtor's proposed treatment violates the law. The bankruptcy court does not review

22  the decisions of California courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct.

23  149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462,

24  103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (The Rooker- Feldman doctrine provides that federal

25  district courts lack jurisdiction to exercise appellate review over final state court judgments).

26  Under the Rooker-Feldman doctrine, with exceptions not applicable here, this court does not

27  have the authority to review and set aside the state court default judgment obtained by Hoge

28

ORDER ON DISCLOSURE STATEMENT        5

1 │ Fenton. Because the proposed treatment is unlawful, the Amended DS is inaccurate and does
2 │ not contain adequate information.

3 │     C.     The Liquidation Test Calculation is Demonstrably Incorrect

4 │     Any chapter 11 plan must satisfy the liquidation test established by 11 U.S.C. §
5 │ 1129(a)(7)(A). This means a debtor must show that creditors will receive at least as much as
6 │ they would in a chapter 7 liquidation test.

7 │     Debtor's liquidation test reflects only one asset of any value, the Condo.[5] He
8 │ estimates the Condo's fair market value is $725,976, that the liens against the Condo total
9 │ $732,095, and that, after taking into account his exemption of $175,000, and costs of sale of
10 │ $43,493, the Condo would generate no value for creditors. Yet he indicates the fair market
11 │ value is based on an average of "(a) the indicated values as reflected by online evaluations by
12 │ eappraisal and Zillow and (b) by the fair market value given the property by the first lender in
13 │ November 2013 when the Debtor and Lender entered into a loan modification agreement. As
14 │ of April 19, 2014, the average value for a two bedroom aged non-renovated aged condo (sic)
15 │ is as shown. Eapparaisal values the property at $518,081, while Zillow places a value of
16 │ $938,842." Debtor did not disclose the fair market value given by the first lender.

17 │     This calculation is meaningless. Debtor appears to have averaged two figures
18 │ ($518,018 and $938,842), and then averaged those figures again by reference to an appraisal
19 │ of undisclosed value from a loan in 2013. While the court may approve a disclosure
20 │ statement without an appraisal of the debtor's assets, 11 U.S.C. § 1125(b), the method of
21 │ valuation used in this instance is inaccurate and does not meet the standard of providing
22 │ "adequate information" to creditors.

23 │     D.     Debtor does not earn $6,000 per month

24 │     Debtor's disclosure statement indicates at Exhibit 3 that Debtor earns $6,000 per
25 │ month. That is not consistent with the Monthly Operating Reports ("MORs") on file in this

26 │

27 │ ───────────────────

28 │ [5]     As noted by the United States Trustee's objection, the Amended DS omits Debtor's
interest in two escrow accounts, totaling $478,625, that were disclosed in Schedule B.

ORDER ON DISCLOSURE STATEMENT     6

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1    case. According to the March 2014 MOR, Debtor earned only $3,283 from Social Security

2    and "miscellaneous income." Over the 16-month life of this case, Debtor has earned

3    $80,425.00. Excluding the $14,500 attributable to a personal injury claim (a one-time

4    payment received in December 2013) and $16,656 from KMTP (which payments ceased in

5    September 2013), Debtor earns only $3,052.31 per month.[6] Although the Amended DS

6    explains that Debtor was not employed during this case and Debtor plans to resume full-time

7    employment, it does not explain where and what Debtor proposes to do to justify a monthly

8    income of $6,000.

## CONCLUSION

10   The proposed disclosure statement describes a plan that cannot be confirmed because

11   it purports to vitiate state court judgments and does not adequately address the value of the

12   Condo. 11 U.S.C. § 1129(a)(3). As such the plan is patently unconfirmable and the

13   disclosure statement does not provide adequate information as required by 11 U.S.C. § 1125.

14   *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D.Va. 1986)("Not only would allowing a

15   nonconfirmable plan to accompany a disclosure statement, and be summarized therein,

16   constitute inadequate information, it would be misleading and it would be a needless expense

17   to the estate."). Approval of the disclosure statement is denied.

18   IT IS SO ORDERED.

19                              *** END OF ORDER***

---

22   [6]    Calculated based on the figures in Debtor's Statement of Cash Receipts and
23   Disbursements, as:

| Total income | $80,425.00 |
|---|---|
| KMTP Salary | ($16,656.00) |
| Personal Injury Claim | ($14,500.00) |
| Net income | $49,260.00 |
| | @ sixteen months = $3,079.31 |

ORDER ON DISCLOSURE STATEMENT          7

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

**COURT SERVICE LIST**

ECF Parties by Electronic Means Only

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

ORDER ON DISCLOSURE STATEMENT        8



**DebtEd, REOPENED, APPEAL**

## U.S. Bankruptcy Court
### Northern District of California (San Jose)
### Bankruptcy Petition #: 13-50376
### Internal Use Only

| | |
|---:|:---|
| *Date filed:* | 01/22/2013 |
| *Date reopened:* | 02/21/2013 |
| *341 meeting:* | 02/27/2013 |
| *Deadline for filing claims:* | 05/28/2013 |
| *Deadline for objecting to discharge:* | 04/29/2013 |

*Assigned to:* Judge Stephen L. Johnson
Chapter 11
Voluntary
Asset

**Debtor**                                              represented by **Booker Theodore Wade, Jr.**
**Booker Theodore Wade, Jr.**                           PRO SE
605 Forest Avenue
Palo Alto, CA 94301
SANTA CLARA-CA
SSN / ITIN: 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

UNITED STATES BANKRUPTCY COURT
Northern District of California
I certify that this is a true, correct and full copy
of the original document on file in my custody.
Dated... 5 2 4 2014
by
Deputy Clerk

**U.S. Trustee**                                         represented by **John S. Wesolowski**
**Office of the U.S. Trustee / SJ**                      Office of the United States Trustee
U.S. Federal Bldg.                                       280 S 1st St. #268
280 S 1st St. #268                                       San Jose, CA 95113-0002
San Jose, CA 95113-3004                                  (408)535-5525
( )                                                      Email: john.wesolowski@usdoj.gov

| Filing Date | # | Docket Text |
|:---:|:---:|:---|
| 01/22/2013 | 🔵 1 | Chapter 11 Voluntary Petition, Fee Amount $303.25, Filed by Booker Theodore Wade Jr.. Order Meeting of Creditors due by 1/29/2013.Incomplete Filings due by 2/5/2013. (lub). CORRECTIVE ENTRY: COURT REMOVED SECTION 521 DEADLINE FROM DOCKET TEXT. Modified on 1/23/2013 (kd). (Entered: 01/22/2013) |
| 01/22/2013 | 🔵 | First Meeting of Creditors with 341(a) meeting to be held on 02/27/2013 at 09:30 AM at San Jose Room 268. Last Day to Determine Dischargeability of Certain Debts due by 04/29/2013. Proof of Claim due by 05/28/2013. (lub) (Entered: 01/22/2013) |
| 01/22/2013 | 🔵 2 | Statement of Social Security Number. Filed by Debtor Booker Theodore Wade Jr. (lub) (Entered: 01/22/2013) |

| | | |
|---|---|---|
| 05/06/2014 | ○ 127 | Notice of Hearing, Certificate of Service (RE: related document(s)126 Motion to Compel Custodian to Turnover Property of the Estate , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/11/2014 at 02:00 PM at San Jose Courtroom 3099 - Johnson.** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/07/2014) |
| 05/06/2014 | ○ 128 | Amended Notice of Hearing (RE: related document(s)123 Objection to allowance of claim of U.S. Department of Education, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/11/2014 at 02:00 PM San Jose Courtroom 3099 - Johnson for 123,** . Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/07/2014) |
| 05/07/2014 | ○ 129 | Order **Denying** Approval Of First Amended Disclosure Statement (RE: Related document 113 Proposed First Amended Chapter 11 Plan And Disclosure Statement) (kd) (Entered: 05/07/2014) |
| 05/07/2014 | ○ | Hearing Continued (related document(s): 108 Objection filed by Booker Theodore Wade) **Hearing scheduled for 06/25/2014 at 02:00 PM at San Jose Courtroom 3099 - Johnson.** If parties not able to resolve, debtor to file by 6/18/2014 a declaration and attach whatever evidence there is that a settlement exists between debtor and Forest Villa HOA so that the court knows that's a viable issue for trial. (tb ) (Entered: 05/07/2014) |
| 05/07/2014 | ○ 130 | Amended Notice of Hearing (RE: related document(s)126 Motion to Compel Custodian to Turnover Property of the Estate , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/11/2014 at 02:00 PM San Jose Courtroom 3099 - Johnson for 126,** . Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/09/2014) |
| 05/19/2014 | ○ 131 | Brief/Memorandum in Opposition to (RE: related document(s)126 Motion to Compel). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Attachments: # 1 Declaration # 2 Certificate of Service) (Healy, William) (Entered: 05/19/2014) |
| 05/20/2014 | ○ 132 | Notice of Appeal to District Court , Fee Amount $ 0.00 **Fee Not Paid**. (RE: related document(s)129 Order Denying Approval Of Disclosure Statement). Appellant Designation due by 6/3/2014. Transmission to District Court due by 6/19/2014. Filed by Debtor Booker Theodore Wade Jr. (kd) Additional attachment(s) added on 5/21/2014 (kd). (Entered: 05/21/2014) |

| 05/20/2014 | ● 133 | Statement of Election to District Court, (RE: related document(s)132 Notice of Appeal filed by Debtor Booker Theodore Wade). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/21/2014) |
| 05/21/2014 | ● 134 | Transmittal of Record on Appeal to District Court (RE: related document(s)132 Notice of Appeal). (kd) (Entered: 05/21/2014) |
| 05/21/2014 | ● 135 | Courts Certificate of Mailing. Number of notices mailed: 14 (RE: related document(s)132 Notice of Appeal, 133 Statement of Election on Appeal, 134 Transmittal of Record on Appeal). (kd) (Entered: 05/21/2014) |